## LOUISVILLE & N. R. CO. v. UNITED STATES.

(District Court, W. D. Virginia.    October 1, 1914.)

### No. 112.

COMMERCE (§ 89*)—INTERSTATE COMMERCE COMMISSION—POWERS—REVIEW OF ORDERS.

Under Interstate Commerce Act Feb. 4, 1887, c. 104, § 15, 24 Stat. 384 (U. S. Comp. St. 1901, p. 3165), as amended by Act June 29, 1906, c. 3591, § 4, 34 Stat. 589 and Act June 18, 1910, c. 309, § 12, 36 Stat. 551 (U. S. Comp. St. Supp. 1911, p. 1297), the Interstate Commerce Commission has power to determine, not only whether a given rate is reasonable, but also whether a given rate is confiscatory, and if a railroad company is dissatisfied with its decision, and desires to introduce further evidence, it should apply to the commission for a rehearing under section 16a. The courts will review such an order only on the evidence which was before the Commission, unless that tribunal has refused to hear evidence that is material.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 89.*]

In Equity. Suit by the Louisville & Nashville Railroad Company against the United States, in which the Interstate Commerce Commission and the Stonega Coal & Coke Company are interveners. Ruling on admissibility of evidence.

Blackburn Esterline, Sp. Asst. Atty. Gen., of Washington, D. C., for the United States.

Jos. W. Folk, of St. Louis, Mo., and Edward H. Hart, of Brooklyn, N. Y., for Interstate Commerce Commission.

William A. Glasgow, Jr., of Philadelphia, Pa., and J. F. Bullitt, of Big Stone Gap, Va., for intervener Stonega Coal & Coke Co.

Before PRITCHARD and WOODS, Circuit Judges, and McDOWELL, District Judge.

PRITCHARD, Circuit Judge (orally). The court has considered the propositions which you gentlemen were discussing, and we are of the opinion that the statute contemplates that the Interstate Commerce Commission shall not only have power to determine as to whether any given rate is reasonable, but shall also have the power to determine as to whether any given rate is confiscatory, and that in a case like the one at bar, if the railroad, the complainant here, is dissatisfied as to the decision of the Interstate Commerce Commission, that it is its duty under the statute (section 16a) to apply to the Commission for a rehearing, in order that it may offer any additional evidence bearing on

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the question of the unreasonableness of the rate and as to whether the rate is confiscatory. What I have said is subject to this exception: That, if the Commission had refused to hear any testimony that was material on the question as to whether the rates were confiscatory or unreasonable, then this court would be inclined to hear such testimony; but, it appearing that no effort has been made on the part of the railroad to present to the Commission this additional testimony bearing on the question as to whether the rates were confiscatory, it would not be proper for us to consider evidence of that character, and we will exclude the evidence presented by the complainant, and hear only the testimony contained in the record which was before the Commission at the hearing of the case.