Per Curiam:
Whatever jurisdiction the Court of Claims has in the matter of a claim for demurrage by a railroad company against the United States must rest in the provisions of section 14o of the Judicial Code. Conceding the jurisdiction, if suit had originally been brought in this court that concession would not, in our view, be sufficient to sustain the petition in this case.
It appears that the Interstate Commerce Commission passed upon the question of the Government’s liability, 18 I. C. C. R., 7, in said matter, and rested their decision on the proposition that demurrage can be assessed only in accordance with tariff provisions, and that the rules of the Utah Car Service Association in effect when these cars were delivered did not authorize the demurrage charges in question. The plaintiff here contends that the commission overlooked Rule IV of said rules, but the language of the said decision is not consistent with plaintiff’s contention. The original act providing for the Interstate Commerce Commission and amendments thereof provide the course which parties may pursue who feel themselves aggrieved by the decision of the commission, but that course does not lead through the Court of Claims. We can not review the said action of the commission, directly or indirectly; and if the company regarded that they had failed to consider in the decision one of the rules of the Car Service Association it would seem to have been the duty of the railroad company, which appeared and contested the Government’s petition therein, to have applied for a rehearing. L. & N. R. R. Co., 218 Fed., 89.
In our view the demurrer should be sustained, and it is so ordered.