*544 MEMORANDUM BT THE COURT
The services claimed to have been rendered by the plaintiff were rendered after the passage of the act of Congress approved July 28, 1916, 39 Stat. 412. That act provided, among other things:
“ The Interstate Commerce Commission is hereby empowered and directed as soon as practicable to fix and determine from time to time the fair and reasonable rates and compensation for the transportation of such mail matter by the railway common carriers and the service connected therewith, prescribing the method or methods of weight or space, or both, or otherwise, for ascertaining such rate or compensation, and to publish the same; and orders so made and published shall continue in force until changed by the commission after due notice and hearing.” .
“ In fixing and determining the fair and reasonable rates for such service the commission shall consider the relation existing between the railroads as public-service corporations and the Government and the nature of such service as distinguished, if there be a distinction, from the ordinary transportation business of the .railroads.”
On December 23, 1919, the Interstate Commerce Commission decided that the space basis which it had authorized the Postmaster General by its order of August 29,1916, to install should be continued, and that it should be extended *545 to all mail routes and, fixed the reasonable rates and compensation for transportation of mail matter as of November 1, 1916.
The plaintiff has been paid the compensation fixed by the Interstate Commerce Commission for the period from August 13, 1917, to December 31,1917. It has been paid in full the compensation provided by the commission for the service which was authorized by the Postmaster General.
The act of July 28, 1916, clearly intended that all questions of the compensation to be paid railroad companies for carrying the mails should be determined by the Interstate Commerce Commission. The commission having acted within the scope of its authority, having fixed the reasonable compensation to which the plaintiff is entitled, this court can not review the action of the commission and undertake to fix a different compensation from that arrived at by the commission. If the plaintiff has performed any service which the commission has failed to provide for in its order fixing compensation, then the plaintiff’s remedy is before the Interstate Commerce Commission and not in this court.
The petition is dismissed.