Whaley, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover the sum of $84,-763.18, representing the difference between the amounts paid to it by the United States through the Post Office Department and the amounts which it alleges should have been paid to it as a separately operated railroad less than 50 miles in length.
In paragraph 2 of the petition it is alleged:
“ By the act of Congress approved July 28, 1916, United States Code, title 39, section 541, your petitioner was, and since the effective date of said act has been, required' to transport over its line such mail matter as has been offered by the United States in the manner, under the conditions, and with the service prescribed by the Postmaster General, and was and has been entitled to receive fair and reasonable compensation for such transportation and for the service connected therewith. By other provisions of said act of July 28, 1916, to wit, United States Code, title 39, sections 542, 549, and 553‘, the Interstate Commerce Commission was empowered and directed to fix and determine from time to time fair and reasonable rates and compensation for such transportation and service, to make such classification of the carriers transporting the United States mails as might be just and reasonable and to fix general rates applicable to all carriers in the same classification, and, after not less than six months from the entry of any order fixing such rates and compensation, to entertain applications by interested carriers for a re-examination thereof, and thereupon, after due hearing, to fix such rates and compensation as appeared just and reasonable. Said act of July 28, 1916, now United States Code, title 39, section 551, further requires the Postmaster *248 General to pay for the transportation of mail matter at the rates so fixed by the Interstate Commerce Commission.”
It is apparent that it was the duty of the Interstate Commerce Commission to classify the plaintiff and to fix a ■reasonable compensation which it was to receive for the carrying of the mail. Under section 5 of the act of July 28, 1916, the Interstate Commerce Commission was designated by Congress as the tribunal to perform this function. This court has no jurisdiction to classify railroads or to fix the compensation for the carrying of the mails. Pere Marquette Ry. Co. v. United States, 59 C. Cls. 538; Denver & Rio Grande R. R. Co. v. United States, 50 C. Cls. 382.
On February 13,1933, the plaintiff did apply to the Interstate Commerce Commission for a finding and order fixing its status and the compensation which it should receive.
This suit was not commenced until July 14, 1933. This court will.take judicial notice of the fact that the Interstate Commerce Commission, under date of January 18,' 1934, issued an order denying to the plaintiff the right to be classified by it as a separately operated railroad less than 50 miles in length.
The petition on its face is demurrable, but the defendant has tried the case on its merits. The plaintiff relies on the decision of this court in New York Central R. R. Co. v. United States, 65 C. Cls. 115, affirmed 279 U. S. 73, and Macon, Dublin & Savannah R. R. Co. v. United States, 78 C. Cls. 251. These cases do not sustain the position of the plaintiff, but, on the contrary, in both of these cases, the findings show that the Interstate Commerce Commission had made a determination, and the recovery in this court merely carried into effect the Commission’s determination, that is to say, this court did not undertake to make a classification or to fix a rate of compensation.
The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; GreeN, Judge; and Booth, Chief Justice, concur.